# United States, plaintiff in error, *vs.* Platoon Lapoint and others, defendants in error.

## *Error to Clayton.*

In an indictment for false imprisonment the charge that the defendant was "unlaw-
fully and feloniously imprisoned" implies that the act was done *without sufficient
legal authority*, and is good without the latter allegation.

Platoon Lapoint, Charles French, Baptiste Lapoint, George Lasier
and Sapplice Lapoint were indicted by the grand jurors of Clayton coun-
ty at the District Court of said county, October term 1840, for " with
force and arms in and upon the body of Jacob F. Rebman in the peace
of the United States, then and there being, an assault did make, and
then and there did unlawfully and feloniously imprison, confine and
detain him, the said Jacob F. Rebman, and him the said Rebman did
then and there restrain of his liberty, against the peace of the United
States and contrary to the form of the statute, &c. "

At the April term 1841, the defendants appeared, and by *Churchman,*
their attorney, moved the court to quash the indictment because

1. The indictment did not purport to have been found by any grand
jury of said county of Clayton, duly impannelled, &c.

2. That said indictment did not specify in what manner Rebman was
restrained of liberty.

3. Said indictment did not set forth any offence with sufficient cer-
tainty.

4. Said indictment was wholly uncertain and deficient in law, &c.

Which said motion to quash was sustained by the court.

And the plaintiff, by William J. A. Bradford, district prosecutor for
the third judicial District, objected to the opinion of the court as in the
following bill of exceptions:

"First, For that the court ordered that the indictment in this case be
quashed, because the siad indictment did not aver that the restraint and
imprisonment therein charged was ' *without sufficient legal authority.*'
Whereas the motion to quash did not state any such object there to
any such defect, or that said indictment was bad for want of said
words.

" Second, For that the question of legal authority is a matter con-

stituting the defence of the defendant; and that it is sufficient if the indictment show *affirmatively* the facts therein set forth; and it is not necessary the indictment should aver a negative, which could not be a part of the plaintiffs proof. "

Assignment of errors :

1. The court quashed the indictment for a ground that was not taken by the defendant in his motion or argument, viz: because the said indictment did not aver that the restraint and imprisonment therein charged was "without sufficient legal authority. "

2. The said indictment was quashed, for the reason that it did not contain the words "without sufficient legal authority " which it is not necessary that said indictment should have contained, said words being merely negative, and their affirmative constituting matter of defence only.

3. An indictable offence being charged in said indictment, sufficiently explicit to enable the court to render judgment thereon, it could not be quashed.

BRADFORD, district prosecutor, cited Roscoes Crim. Ev. 56—Paley on Conv. 45—Smiths case 3 Bur. 1476—Gunning vs. the State—1 Mc. Cord 573—5 Pick. 41, &c.

BY THE COURT, MASON, CHIEF JUSTICE.—The defendants were indicted for the false imprisonment of one Jacob F. Rebman. The statute defines the offence as consisting in an unlawful violation of the personal liberty of another by confinement or detention *without sufficient legal authority*. The indictment charged the defendants with having unlawfully and feloniously imprisoned, confined and detained the said Rebman, omitting the averment that it was done "without sufficient legal authority. " A motion was made to quash the indictment, and sustained on account of the omission.

As a general rule the indictment in describing the offence, should follow the language of the statute which defines it.

Where, however, the statute contains an evident tautology, or where several qualifying words or phrases are used, some of which in signification include the others, all the terms need not be set forth in the indictment. All that is necessary is, that the indictment should fully describe the offence. Repetitions, although found in the statute are unnecessary in the indictment.

In the present case, the act is alleged to have been done *unlawfully*, but there is an omission to state that it was done " without sufficien

legal authority." The expressions are synonymous. We think the court below therefore erred in quashing the indictment, and the judgment below will be reversed.